John G. ROCOVICH, Jr.,
Plaintiff–Appellant,

v.

The UNITED STATES,
Defendant–Appellee.

90–5041.

United States Court of Appeals,
Federal Circuit.

May 15, 1991.

---

Joseph L. Anthony, Moss & Rocovich, P.C., Roanoke, Va., argued, for plaintiff-appellant.

Charles Bricken, Atty., Tax Div., Dept. of Justice, Washington, D.C., argued, for defendant-appellee. With him on the brief were Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen and David English Carmack, Attys.

Before ARCHER and LOURIE, Circuit Judges, SKELTON, Senior Circuit Judge.

ARCHER, Circuit Judge.

John G. Rocovich, Jr., in his capacity as co-executor of the Estate of Carolyn B. Nettleton (the estate), appeals the dismissal of his tax refund suit by the United States Claims Court for lack of subject matter jurisdiction. *Rocovich v. United States*, 18 Cl.Ct. 418 (1989). For the reasons set forth below, we affirm.

I.

Rocovich filed a federal estate tax return for the estate with the Internal Revenue Service (IRS) on March 16, 1984. The return reported an estate tax liability of $81,-338, $39,000 of which was paid with the return. Rocovich elected to pay the balance of $42,338 in ten annual installments, commencing five years after the date the return was filed, as permitted to certain qualifying estates under 26 U.S.C. (I.R.C.) [1] § 6166 (1982).[2] If the estate did not qualify for section 6166 treatment, Rocovich alternatively requested a one-year deferral in payment of the unpaid tax under I.R.C. § 6161.[3] After the estate tax return was filed, the IRS annually assessed interest on the unpaid balance of $42,388, which the estate paid.

In March 1987, after auditing the estate's return, the IRS determined that the estate owed additional tax in the amount of $127,324.45. As a result of its audit adjust-

---

1. Statutory references are to the Internal Revenue Code (I.R.C.) of 1954, as amended. The Code has since been amended and redesignated as the Internal Revenue Code of 1986. *See* Tax Reform Act of 1986, Pub.L. No. 99–514 § 2, 100 Stat. 2085, 2095.

2. Section 6166 provides in relevant part:

    (a)(1) If the value of an interest in a closely held business which is included in determining the gross estate of a decedent ... exceeds 35 percent of the adjusted gross estate, the executor may elect to pay part or all of the tax ... in 2 or more (but not exceeding 10) equal installments.

    ....

    (a)(3) If an election is made under paragraph (1), the first installment shall be paid on or before the date selected by the executor which is not more than 5 years after the date prescribed by section 6151(a) for payment of tax, and each succeeding installment shall be paid on or before the date which is 1 year after the date prescribed by this paragraph for payment of the preceding installment.

    26 U.S.C. § 6166(a)(1), (3) (1982).

3. Section 6161 provides in relevant part:

    (a)(2) The Secretary may, for reasonable cause, extend the time of payment of—

    (A) any part of the amount determined by the executor as the tax imposed by Chapter 11

    ...

    for a reasonable period not in excess of 10 years from the date prescribed by section 6151(a) for payment of the tax....

    26 U.S.C. § 6161(a)(2)(A) (1982).

ments increasing the estate's tax liability, the IRS further concluded that the estate had not been eligible under section 6166 to defer payment of any part of the tax. A notice of deficiency was issued that reflected both of these determinations. On June 3, 1987, the estate consented to the assessment of the additional tax of $127,324.45 and shortly thereafter paid that amount. On July 15, 1987, the IRS assessed this additional tax of $127,324.45, together with additional interest of $62,124.48.

Rocovich thereafter timely filed a claim with the IRS for a refund of the $127,324.45 tax payment and also challenged the IRS' determination that the estate did not qualify for deferral under section 6166. When the IRS failed to respond to the claim for refund within six months, Rocovich timely filed a refund suit in the Claims Court on March 3, 1988.

At the time suit was filed in the Claims Court, neither the deferred $42,388 in estate tax nor the $62,124.48 in assessed interest had been paid by the estate.[4] The United States moved to dismiss the complaint because ·the "full payment" rule enunciated in *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), had not been satisfied. Although Rocovich contended that the unpaid estate tax of $42,388 had not been assessed, the Claims Court concluded that the IRS had assessed the tax of $81,338 shown on the estate's return on April 30, 1984. The Claims Court granted the government's motion, holding that *Flora* requires full payment of the estate tax that the IRS has determined is due before a refund suit can be commenced in the Claims Court; that section 6166 is not an exception to the *Flora* rule; and that IRS is not estopped from revoking the estate's section 6166 election. Rocovich's motion for reconsideration was subsequently denied.

## II.

A. Whether the Claims Court properly granted the government's motion to dismiss is a question of law. *Hamlet v. United States*, 873 F.2d 1414 (Fed.Cir.1989). This court reviews a question of law *de novo* and will reverse the Claims Court's legal conclusion only if it is incorrect as a matter of law. *See Placeway Constr. Corp. v. United States*, 920 F.2d 903, 906 (Fed.Cir.1990); *Heisig v. United States*, 719 F.2d 1153, 1158 (Fed.Cir.1983).

■ In determining whether a motion to dismiss should be granted, the Claims Court may find it necessary to inquire into jurisdictional facts that are disputed. The court's findings of fact are reviewed for clear error. *Hamlet*, 873 F.2d at 1416; *Heisig*, 719 F.2d at 1153. A party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278, 57 S.Ct. 197, 200, 81 L.Ed. 183 (1936).

■ The Claims Court, concurrently with the United States District Courts, has jurisdiction over suits for the refund of taxes. *See* 28 U.S.C. §§ 1346(a)(1), 1491 (1988). The jurisdictional grant, however, has been construed by the Supreme Court as requiring full payment of the assessed tax liability before suit can be commenced. In *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on reh'g*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), a tax refund suit was initiated in the district court before full payment of the tax had been made. The Supreme Court held that "§ 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court." *Flora*, 362 U.S. at 177, 80 S.Ct. at 647. The full payment rule of *Flora* has long been applied by the Claims Court, and before that by the Court of Claims, to dismiss tax refund suits against the United States when the assessment has not been paid in full prior to commencement of the action.

---

**4.** Although Rocovich paid these amounts during the pendency of the suit, subsequent payment cannot cure an original jurisdictional deficiency in the complaint. *See Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 1431–32, 223 USPQ 1074, 1081 (Fed.Cir.1984); *Beghin–Say Int'l, Inc. v. Old–Bendt Rasmussen*, 733 F.2d 1568, 1572, 221 USPQ 1121, 1124 (Fed.Cir.1984).

See, e.g., Lambropoulos v. United States, 18 Cl.Ct. 235 (1989) (Flora rule barred a tax refund suit when the plaintiff had not paid the full amount of the interest and penalties assessed against it); DiNatale v. United States, 12 Cl.Ct. 72 (1987) (Flora rule barred a tax refund suit when all of the deficiencies, penalties, and interest assessed had not been paid); Rodewald v. United States, 231 Ct.Cl. 962 (1982) (Flora rule barred a tax refund suit when the plaintiff had paid only some of the installments under an agreed payment plan); Green v. United States, 618 F.2d 122, 220 Ct.Cl. 712 (1979) (Flora rule held applicable when the plaintiff had not made full payment of the income tax liability assessed).

It is undisputed that the deferred estate tax of $42,338 was not paid at the time suit was commenced in the Claims Court. In an attempt to establish jurisdiction, Rocovich contended before the Claims Court that the tax shown on the return of $81,388 (including the $42,338 deferred) had never in fact been assessed. If the tax was not assessed at the time the refund suit was initiated, then payment of the deferred amount would not be required to give the Claims Court jurisdiction. Thus, in Rocovich's view, the Flora rule did not come into play at all.

The government, on the other hand, asserted that the amount at issue was assessed on April 30, 1984. Because the truth of a jurisdictional fact was brought into question, the Claims Court appropriately allowed the parties to submit relevant evidence in order to resolve the factual dispute. Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 747 (Fed.Cir. 1988); see Land v. Dollar, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1010 n. 4, 91 L.Ed. 1209 (1947) ("when a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, ... the court may inquire, by affidavits or otherwise, into the facts as they exist.").

Based on the evidence presented, the Claims Court found that the tax shown on the estate's return was assessed on April 30, 1984. With its motion to dismiss, the government submitted a Certificate of Assessments and Payments dated April 7, 1988, showing assessment of $81,338 on April 30, 1984. It also filed affidavits of Catherine L. Durfor, a tax examiner with the Technical Section of the IRS Philadelphia Service Center, stating that the assessment of $81,338 had been made against the estate on April 30, 1984. Attached to one of her affidavits was a second Certificate of Assessments and Payments dated August 31, 1989, showing the April 30, 1984 assessment.

A Certificate of Assessments and Payments is routinely used to prove that a tax assessment has in fact been made. See, e.g., United States v. Chila, 871 F.2d 1015, 1017–18 (11th Cir.1989); United States v. Miller, 318 F.2d 637, 638–39 (7th Cir.1963); United States v. Dixon, 672 F.Supp. 503, 506 (M.D.Ala.1987), aff'd per curiam, 849 F.2d 1478 (11th Cir.1988) (a Certificate of Assessments and Payments is "presumptive proof of a valid assessment" where "the defendant has produced no evidence to counter this presumption." (emphasis in original)).

Although Rocovich submitted affidavits and correspondence showing that the IRS had not demanded payment of the deferred tax, the Claims Court did not consider this evidence to be probative on the assessment question.[5] As a result, the court relied on the evidence of the government and found that the assessment of the amount shown on the return was made on April 30, 1984. Since part of that assessment concededly had not been paid at the time of filing suit, the Claims Court dismissed the complaint for lack of subject matter jurisdiction.

The evidence and arguments presented in support of the estate's position are as unconvincing to us as they were to the Claims Court. After the estate had been afforded multiple opportunities to support its contentions, the Claims Court, in its final order denying a motion for

---

5. Until the estate's return was audited, it was reasonable for the government to assume that the estate qualified for section 6166 deferral; thus, any demand for payment would not have occurred until after the 1987 IRS audit and notice of deficiency.

reconsideration, remarked that it was "regrettable that the opportunities extended by the court for the benefit of the estate ha[d] been squandered." We are therefore persuaded that the jurisdictional facts found by the Claims Court are not clearly erroneous.[6]

B. Rocovich further argues that the deferred payment provisions of section 6166 should be treated as an exception to the *Flora* rule requiring full payment as a prerequisite to a tax refund suit. He urges that the underlying policy of *Flora* makes it applicable only to taxes that could have been contested in the United States Tax Court. Because the Tax Court does not have jurisdiction to review the IRS' denial of a section 6166 election to defer payment of the tax, Rocovich would have this court conclude that the *Flora* rule is inapplicable in the instant case.

█ We see Rocovich's argument as being without merit. Exceptions to the full payment rule have been recognized by the courts only where an assessment covers divisible taxes. *See Rodewald v. United States*, 231 Ct.Cl. 962, 963 n.* (1982). In *Flora*, the Supreme Court indicated that the payment of the excise tax on a single transaction would satisfy the full payment rule. *Flora*, 362 U.S. at 175 n. 38, 80 S.Ct. at 646 n. 38. Accordingly, divisible taxes such as excise and employment taxes have been considered exceptions to *Flora*. Although Congress has enacted some other exceptions to the *Flora* rule, *see, e.g.,* I.R.C. § 6703(c) (requiring payment of fifteen percent of assessed penalty), it has not done so for section 6166. Rocovich points

to no authority for making an exception to the full payment rule for the denial by the IRS of a section 6166 deferral.

█ Rocovich similarly contends, again without support, that the annual installment payments under I.R.C. § 6166 make the estate tax a divisible tax. Rocovich would have the payment of each annual installment of interest and principal under section 6166 treated as separable from other payments. A divisible tax, however, is one that represents the aggregate of taxes due on multiple transactions (*e.g.,* sales of items subject to excise taxes). *See Flora*, 362 U.S. at 175 n. 38, 80 S.Ct. at 646 n. 38. The estate tax is not a divisible tax; it arises from a single event. Congress, in section 6166, has merely permitted an estate to pay the single tax in installments with interest. As a result, the partial satisfaction of the tax by an installment payment under section 6166 does not satisfy the *Flora* full payment rule. While the *Flora* rule may result in economic hardship in some cases, it is Congress' responsibility to amend the law.

Accordingly, we conclude that the Claims Court's dismissal for lack of subject matter jurisdiction was correct as a matter of law.[7]

AFFIRMED.

---

**6.** Rocovich claims in this appeal that certain information obtained from the government after the Claims Court's judgment demonstrates deliberate misrepresentation and fraudulent conduct by government representatives regarding the original assessment date. The government denies any such misconduct, and points out that Rocovich's charges have been investigated by the Department of Justice's Office of Professional Responsibility and have been determined to be unfounded. If Rocovich believes that the Claims Court's judgment was obtained by fraud or misrepresentation, he should seek relief from that court. *See Weisman v. Charles E. Smith Management, Inc.,* 829 F.2d 511, 513 (4th Cir.1987) ("the proper court in which to

raise allegations that a judgment was obtained by fraud, misrepresentation or other misconduct ... is the court which allegedly was a victim of that fraud"); *see also* J. Moore & J. Lucas, *Moore's Federal Practice,* ¶ 60.24[5] at 217 (2d ed. 1990 & Cum.Supp. 1989–90); C. Wright & A. Miller, *Federal Practice and Procedure,* § 2865 at 224 (1973 & Supp.1990).

**7.** Rocovich also suggests that his alternative protective request under I.R.C. § 6161 to defer the payment of $42,388 in estate tax should be sufficient to confer jurisdiction. That alternative request was for a one-year deferral until March 19, 1985, and thus is moot.