989 F.2d 1202
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph Patrick KAPP and Elene Kapp, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5151.
 United States Court of Appeals, Federal Circuit.
 Feb. 5, 1993.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Joseph and Elene Kapp appeal from the judgment of the United States Claims Court[1] dismissing their complaint seeking a refund of interest assessed on a tax deficiency. Kapp v. United States, No. 91-1369 T (Cl.Ct. May 22, 1992). Because the refusal of the IRS to abate the interest under 26 U.S.C. § 6404(e)(1) (1988) is not subject to judicial review, we affirm.
 
 DISCUSSION
 
 2
 Joseph and Elene Kapp claimed a casualty loss deduction of $157,881 on their joint federal income tax return for the 1980 taxable year. The Internal Revenue Service (IRS) disallowed the casualty loss deduction, resulting in a tax deficiency of over $36,000. Although the Kapps were prepared to pay the tax deficiency in January, 1983, they were advised by the IRS to wait until they received a bill from the agency. The final bill was sent to the Kapps on February 8, 1988, and the IRS assessed a deficiency of $36,511. In addition, the IRS assessed $20,578.75 in interest pursuant to 26 U.S.C. § 6601 (1988). The Kapps paid the tax deficiency and the interest and filed a claim with the IRS for abatement of the interest pursuant to 26 U.S.C. § 6404(e)(1)(A) (1988), which provides that the Secretary of the Treasury[2] may abate interest assessed on a tax deficiency when the interest is attributable in whole or in part to any error or delay by the IRS in performing a ministerial act. On August 22, 1989, the IRS denied the Kapps' request for an abatement.
 
 
 3
 The Kapps filed suit in the United States Claims Court on August 19, 1991 seeking a refund of the interest. The Claims Court granted the government's motion to dismiss for lack of jurisdiction because it determined that the decision of the IRS whether to abate interest under section 6404(e)(1) was not judicially reviewable. The trial court concluded that the refusal of the IRS to abate the interest was an "agency action ... committed to agency discretion by law" and thus was unreviewable under the Administrative Procedures Act (APA), 5 U.S.C. § 701(a)(2) (1988).
 
 
 4
 Whether the Claims Court properly granted the government's motion to dismiss is a question of law, which we review de novo. See Rocovich v. United States, 933 F.2d 991, 993 (Fed.Cir.1991). The burden is on a party seeking exercise of a court's jurisdiction in its favor to establish that such jurisdiction exists. Id.
 
 
 5
 Under 28 U.S.C. § 1346(a)(1) (1988), the Claims Court has jurisdiction, concurrent with the United States District Courts, over
 
 
 6
 [a]ny civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws.
 
 
 7
 In the instant case, the Kapps seek a refund of $22,365.93 in interest assessed by and paid to the IRS for an income tax deficiency. Their suit against the government is one seeking to recover "a sum alleged to have been excessive or ... wrongfully collected under the internal revenue laws." 28 U.S.C. § 1346(a)(1). We thus conclude that the Kapps' claim for refund of interest falls within the trial court's jurisdiction as provided under section 1346(a)(1).
 
 
 8
 In order to address the merits of a claim seeking a refund of interest on a tax deficiency, the trial court must necessarily review the propriety of the IRS's denial of an interest abatement under section 6404(e)(1). Thus, the gravamen of the Kapps' refund suit is their allegation that the IRS abused its discretion in refusing to abate the interest assessed against them. The government argues that the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-06 (1988), bars the Claims Court from reviewing the IRS's interest abatement decision. Section 10 of the APA, 5 U.S.C. § 701 (as amended), provides that judicial review of an agency action is not available when a statute precludes such review, 5 U.S.C. § 701(a)(1), or when an action is committed to agency discretion by law, 5 U.S.C. § 702(a)(2). The government maintains that both of these limitations on judicial review are applicable to IRS decisions under section 6404(e)(1).
 
 
 9
 We do not need to consider whether the first exception applies to bar judicial review of the IRS's decision here because we conclude that the second exception does. The second exception to judicial review provided in 5 U.S.C. § 701 is applicable when the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Under section 6404(e)(1), when the interest assessment is attributable to error or delay by the IRS, the "Secretary may abate the assessment of interest of all or any part of such interest for any period." 26 U.S.C. § 6404(e)(1)(A) (emphasis added). In contrast, the following paragraph, which deals with interest abatement with respect to erroneous refund checks, provides that the "Secretary shall abate the assessment of all interest on any erroneous refund[.]" 26 U.S.C. § 6404(e)(2) (emphasis added).
 
 
 10
 "When, within the same statute, Congress uses both 'shall' and 'may,' it is differentiating between mandatory and discretionary tasks." Huston v. United States, 956 F.2d 259, 262 (Fed.Cir.1992) (citation omitted). Thus, the language of section 6404(e)(1), when viewed in the context of the statutory scheme, indicates that the authority of the IRS to determine whether to abate interest attributable to errors or delays by the IRS is clearly within the agency's discretion. The discretionary nature of the IRS's authority under section 6404(e)(1) is confirmed by the statute's legislative history and the agency's own statutory interpretation, as indicated by its promulgated regulations. See 26 C.F.R. § 301.6404-2T(a) (1992) ("Section 6404(e)(1) provides that the Commissioner may (in his or her discretion) abate the assessment of all or any party of interest[.]").
 
 
 11
 The absence of any substantive or meaningful standards in the express language or legislative history of section 6404(e)(1) by which to review the IRS's decision strongly supports the conclusion that Congress has committed the matter solely to the agency's discretion. See Heckler v. Chaney, 470 U.S. 821, 830 (1985). Accordingly, we hold that the refusal of the IRS to abate the interest assessed against the Kapps under 26 U.S.C. § 6404(e)(1) is not subject to judicial review.[3]
 
 
 
 [1]
 Pursuant to Title IX of the Federal Courts Administration Act of 1992, Pub.L. No. 102-572, 106 Stat. 4506, the United States Claims Court was renamed the United States Court of Federal Claims effective October 29, 1992
 
 
 [2]
 The Secretary has delegated his authority under section 6404(e)(1) to the Commissioner of the Internal Revenue Service. See 26 C.F.R. § 301.6404-2T(a) (1992)
 
 
 [3]
 Our holding is consistent with that of our sister circuits that have previously faced this issue. See Horton Homes, Inc. v. United States, 936 F.2d 548 (11th Cir.1991); Selman v. United States, 941 F.2d 1060 (10th Cir.1991)