17 F.3d 1443
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Lori M. CROSKEY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5202.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1994.
Rehearing Denied Feb. 4, 1994.
 
 Before RICH, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Petitioner Lori M. Croskey appeals the decision of the United States Court of Federal Claims dismissing her complaint for being barred by 28 U.S.C. Sec. 2501 (1988 & Supp. IV 1992). Croskey v. United States, No. 93-476 C (Ct.Fed.Cl. Aug. 9, 1993). This court affirms.
 
 OPINION
 
 2
 Ms. Croskey was separated from her position as a probationary employee with the Department of Army on May 28, 1982. On October 9, 1990, she filed a complaint in the United States Court of Federal Claims for wrongful termination and for travel expenses incurred during her employment. Ms. Croskey's complaint sought money damages under the Tucker Act, 28 U.S.C. Sec. 1491 (1988); the Back Pay Act, 5 U.S.C. Sec. 5596 (1988); the False Claims Act, 28 U.S.C. Sec. 2514 (1988); unspecified travel regulations; the first amendment; and the due process clause of the fifth amendment.
 
 
 3
 The Court of Federal Claims dismissed Ms. Croskey's complaint on November 20, 1992. Croskey v. United States, No. 90-3841 C (Ct.Fed.Cl. Nov. 20, 1992). The trial court found Ms. Croskey's claim time-barred under 28 U.S.C. Sec. 2501. Ms. Croskey filed a motion for reconsideration, asserted jurisdiction under a qui tam theory, and argued that the limitations period should be tolled due to misrepresentation, fraudulent concealment, and equitable considerations. The court denied her motion. The court noted its lack of jurisdiction under the False Claims Act for qui tam actions and found Ms. Croskey's nonspecific assertions of fraudulent concealment insufficient to toll the statute of limitations. Ms. Croskey appealed to this court. We affirmed the lower court and adopted that court's November 20, 1992 order as the basis of our decision. Croskey v. United States, No. 93-5069 (Fed.Cir. July 9, 1993).
 
 
 4
 On July 30, 1993, Ms. Croskey again filed suit against the United States seeking money damages for travel expenses incurred during her employment. Ms. Croskey's complaint added an implied contract claim to her request for relief under the Tucker Act, 28 U.S.C. Sec. 1491 (1988 & Supp. IV 1992); the Back Pay Act, 5 U.S.C. Sec. 5596 (1988 & Supp. IV 1992); the False Claims Act, 28 U.S.C. Sec. 2514 (1988 & Supp. IV 1992); 5 U.S.C. Sec. 5704 (1988); the first amendment; and the due process clause of the fifth amendment.
 
 
 5
 The Court of Federal Claims dismissed the complaint on August 9, 1993. That court noted that Ms. Croskey's new complaint still falls outside of the six-year limitations period of 28 U.S.C. Sec. 2501. Ms. Croskey again appeals to this court.
 
 
 6
 This court reviews Court of Federal Claims' decisions for errors of law or clearly erroneous findings of fact. Rocovich v. United States, 933 F.2d 991, 993 (Fed.Cir.1991). Jurisdiction, a question of law, is subject to de novo review. Dehne v. United States, 970 F.2d 890, 892 (Fed.Cir.1992); Rocovich, 933 F.2d at 993. Hence, dismissal of Ms. Croskey's complaint is subject to de novo review.
 
 
 7
 Claims against the United States in the Court of Federal Claims must be filed "within six years after such claim first accrues." 28 U.S.C. Sec. 2501. The six-year limitations period "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed.Cir.1988). Exceptions to the conditions under which the Government consents to be sued should not be implied. United States v. Mitchell, 445 U.S. 535, 538 (1980); but see Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95 (1990) (holding the rule of equitable tolling applies in suits against the Government to the same extent as in actions against private litigants). Further, the six-year limitations period is not subject to waiver or estoppel. Hopland, 855 F.2d at 1577.
 
 
 8
 A claim "first accrues," and the statute of limitations begins to run, when all events have occurred which fix the liability of the defendant and entitle the plaintiff to file an action. Id. The limitations period may be tolled, however, where the defendant deliberately concealed its acts from the plaintiff. Japanese War Notes Claimants Ass'n v. United States, 373 F.2d 356, 358 (Ct.Cl.), cert. denied, 389 U.S. 971 (1967). Specifically, when the plaintiff is unaware of the wrong committed against it, or when the plaintiff's injury is "inherently unknowable," the statute may be suspended. Id. In such cases, the statute begins to run when the plaintiff should reasonably have learned of the defendant's fraud. Id.
 
 
 9
 While Ms. Croskey alleges the Government's misrepresentation and fraudulent concealment prevented discovery of her claim until 1988, her complaint belies this contention. First, Ms. Croskey admits that the Army had twice rejected the travel vouchers she submitted on April 23, 1982, two days before her firing. Second, Ms. Croskey refers in her complaint to another dispute with the Army over travel agreements in 1982. Last, as of Ms. Croskey's May 28, 1982 separation date and an additional six months in Germany thereafter, Ms. Croskey remained unreimbursed for her travel vouchers. Clearly, Ms. Croskey was aware, or should have been aware, of a claim against the Government for these vouchers in 1982.
 
 
 10
 Thus, Ms. Croskey has not shown that her injury was "inherently unknowable." Ms. Croskey's claim "first accrued" in 1982 and now is time-barred by 28 U.S.C. Sec. 2501. As noted above, this statute of limitations applies to all claims against the United States Government, contractual or otherwise, which are brought in the Court of Federal Claims. Hence, the statute of limitations operates to foreclose relief.
 
 
 11
 As the Court of Federal Claims noted in its opinion, "there are sound policy reasons for requiring plaintiffs to file their allegations within a reasonable time after the perceived wrong occurred." Croskey, No. 93-476 C, slip op. at 2; see also Braude v. United States, 585 F.2d 1049, 1054 (Ct.Cl.1978) (stating that "such statutes are necessary in order to insure prompt handling of claims and to prevent actions from being withheld until ... evidence [has] become obscured or unavailable by the passage of time").