NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5098

MARK OLIN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Mark Olin, of Garden Grove, California, pro se.

Joseph A. Pixley, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Margaret M. Sweeney

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5098

MARK OLIN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-728, Judge Margaret M. Sweeney.

_____

DECIDED:  November 10, 2008

_____

Before LOURIE, RADER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Mr. Olin appeals the June 10, 2008, decision of the United States Court of Federal Claims granting the government's motion to dismiss his complaint for lack of jurisdiction pursuant to rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").  Because the limitations period provided by 28 U.S.C. § 2501 had expired when Mr. Olin filed his complaint, we <u>affirm</u>.

## I.  Background

Mr. Olin's allegations, which we will treat as true for the purpose of reviewing the Court of Federal Claims' grant of the government's motion to dismiss, are summarized as follows.  In the early 1990s, Mr. Olin developed a theory that explained several

recent airplane crashes, which he titled "Gyroscopic Rotation of Aircrafts." On February 10, 1995, Mr. Olin submitted this theory and accompanying pilot instructions that could be used to prevent future crashes to the National Transportation Safety Board ("NTSB"). Along with these materials, Mr. Olin included a nondisclosure agreement that provided that the NTSB would pay a "reasonable fee" if it decided to use his theory. Over time, Mr. Olin became convinced that the NTSB had begun using his theory in violation of the terms of the nondisclosure agreement. Mr. Olin asserts that a draft copy of a Federal Aviation Administration ("FAA") final rule that was released on December 23, 1996, demonstrates that the NTSB improperly used his theory. The final rule, published on January 2, 1997, with an effective date of January 17, 1997, adopted a new airworthiness directive that relates to the control of airplanes during uncommanded yaw or roll conditions.

On October 15, 2007, Mr. Olin filed a complaint demanding compensation for the use of his theory. The government filed a RCFC 12(b)(1) motion arguing that the Court of Federal Claims did not have jurisdiction because the limitations period provided by 28 U.S.C. § 2501 had expired. The court found that the limitations period began to run no later than January 17, 1997, when the final rule became effective. Additionally, the court noted that equitable tolling is unavailable under John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750 (2008). Because Mr. Olin did not file his complaint until October 15, 2007—over four years after the limitations period expired—the court granted the government's motion to dismiss for lack of subject matter jurisdiction. Olin v. United States, No. 07-CV-728, slip op. at 8 (Fed. Cl. June 10, 2008).

Mr. Olin appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II. Discussion

Whether the Court of Federal Claims has subject matter jurisdiction over Mr. Olin's claim is a question of law that we review de novo. See Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

Mr. Olin argues that the limitations period should not apply in this case because the NTSB illegally delayed the filing of his complaint by forcing his attorney not to take his case. He also argues that even if the limitations period applies, he is entitled to compensation for flights made by Boeing 737 aircraft after he filed his complaint on October 15, 2007. We take each issue in turn.

The Supreme Court has recognized a distinction between two types of statutes of limitations: (1) those that seek to "protect defendants against stale or unduly delayed claims," and (2) those that serve other goals such as "facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency." John R. Sand, 128 S. Ct. at 753 (internal citations omitted). The Supreme Court determined that 28 U.S.C. § 2501, which bars suits brought in the Court of Federal Claims more than six years after the claim first accrues, is of the second, and "more absolute," type. Id. at 753-54. The Supreme Court has held that because § 2501 is a "more absolute" type of limitations statute, the limitations period is "not susceptible to equitable tolling." Id. at 755. In accordance with John R. Sand, we hold that there was no error in the court's decision that the limitations period had expired and could not be tolled, notwithstanding Mr. Olin's allegation that the NTSB wrongfully delayed the filing of his complaint.

"When the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals." Franconia Assocs. v. United States, 536 U.S. 129, 141 (2002). The statute of limitations begins to run at the time the contract is breached. Id. (quoting 1 C. Corman, Limitations of Actions § 7.2.1, p. 482 (1991)). Although Boeing 737 aircraft have been in service since Mr. Olin filed his complaint on October 15, 2007, the date that triggers the running of the limitations period is the date on which the nondisclosure agreement was breached. It is apparent that any breach of the nondisclosure agreement must have occurred by January 17, 1997, when the FAA's final rule became effective. Therefore, the cause of action accrued, at the latest, at that time. Accordingly, we conclude that there was no error in the Court of Federal Claims' decision that § 2501 barred Mr. Olin's suit.

COSTS

Each party shall bear its own costs.