# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-219V
Filed: September 27, 2013

| | |
|---|---|
| * * * * * * * * * * * * * * * * * | TO BE PUBLISHED |
| INA SCANLON,                  * | |
|                         * | |
|            Petitioner,     * | Special Master |
| v.                            * | Hamilton-Fieldman |
|                         * | |
| SECRETARY OF HEALTH       * | |
| AND HUMAN SERVICES,      * | Dismissal Decision; RCFC 12 (b)(6); Vaccine |
|                         * | Not Covered. |
|           Respondent.     * | |
| * * * * * * * * * * * * * * * * * | |

David P. Murphy, Greenfield, IN, for Petitioner.
Linda S. Renzi, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION FOR LACK OF SUBJECT MATTER JURISDICTION[1]

       On March 28, 2013, Ina Scanlon ("Petitioner") filed a petition for compensation under the National Vaccine Injury Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"), alleging that she suffered immune thrombocytopenia ("ITP") as a result of the varicella zoster ("shingles") vaccine she received on April 1, 2010. Petition ("Pet") at 3. After a review of the petition and supporting documents, Respondent filed a Motion to Dismiss, asserting that the vaccine Petitioner alleges caused her injury is not covered under the Act, and

---

[1] Because this published decision contains a reasoned explanation for the action in the case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347 § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). In the absence of such motion, the entire decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42. U.S.C. §300aa (2006).

1

therefore that the claim must be dismissed for failure to state a claim upon which relief may be granted.  For the reasons stated herein, Respondent's Motion is GRANTED.


# I

## APPLICABLE LEGAL STANDARD

Pursuant to RCFC 12(b)(1), the petitioner bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed.Cir.1998) (citing *McNutt v. Gen. Motors*, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1998). When the court considers a motion to dismiss, it may look beyond the pleadings and "inquire into jurisdictional facts" to determine whether jurisdiction exists. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir.1991). Because jurisdiction is a threshold matter, the court must dismiss the complaint where it concludes that subject-matter jurisdiction does not exist. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.").

The court may also dismiss a petition for failure to state a claim, pursuant to RCFC 12(b)(6). To properly state a claim, the petitioner must provide "a short and plain statement of the claim, which shows that the petitioner is entitled to relief." *Totes–Isotoner Corp. v. United States*, 594 F.3d 1346 (Fed.Cir.2010), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

The Vaccine Act expressly authorizes the United States Department of Health and Human Services to revise the Vaccine Injury Table. *See* 42 U.S.C. § 300aa–14(c)(1). The Act provides that the Secretary of the United States Department of Health and Human Services ("Secretary") shall "amend the Vaccine Injury Table," only after the Centers for Disease Control and Prevention "recommends a vaccine to the Secretary for routine administration to children." *Id.* The Secretary has two years from the date of the Centers for Disease Control and Prevention's recommendation within which to amend the Table. § 300aa–14(e)(2). In addition, Congress must approve an excise tax providing funds for the payment of compensation related to any vaccine that the Secretary adds to the Table. See 26 U.S.C. § 4131(a); *see also* Omnibus Budget Reconciliation Act of 1993, Pub. L. No. 103–66, § 13632(a)(3), 107 Stat. 312 (1993). A revision of the Vaccine Injury Table by the Secretary takes effect only upon the effective date of that tax. *Id.*

## II

## ANALYSIS

In her Motion to Dismiss, Respondent correctly states that "[t]o be entitled to compensation under the Vaccine Act, petitioner must demonstrate that she 'received a vaccine set forth in the Vaccine Injury Table.'" Resp't's Motion to Dismiss at 1, ECF No. 17 (citing §11(c)(1)(a)). Here, Petitioner alleges her injuries were caused by the varicella zoster vaccine she received on April 1, 2010. Pet. at 1-3. Petitioner alleges that her claim falls within the Court's jurisdiction under 42 U.S.C. § 11(c), because of support from the following: "HRSA, HHS, and/or U.S. Court of Claims Exhibits [] filed in this case, that address varicella, varicella zoster, non-Table injury claims, and the overarching purpose of this program: to compensate victims such as Petitioner." Pet'r's Response to Resp't's Motion to Dismiss ("Response") at 2, ECF No. 18. Petitioner argues that since varicella is a Table vaccine, and varicella and varicella zoster are often linked in medical literature,[3] no distinction exists between varicella and varicella zoster, thus allowing for inclusion of varicella zoster as a Table Vaccine covered by the Vaccine Injury Compensation Program. *Id.*

Petitioner is correct that varicella and varicella zoster are biologically linked: they are versions of the same virus, which manifests as chickenpox in children and shingles in adults.[4] The vaccines developed to prevent them are also linked: they are both manufactured by Merck, and contain a strain of live, attenuated varicella or varicella zoster virus, respectively, called the "Oka/Merck Strain." *See* Varivax (Varicella Vaccine Live) Package Insert at 6, paragraph 11, "Description"; *see also* Zostavax (Zoster Vaccine Live) Package Insert at 7, paragraph 11, "Description." However, a dose of Varivax, the vaccine that prevents chickenpox, contains "a minimum of 1350 plaque-forming units (PFU) of Oka/Merck varicella virus," Varivax (Varicella Vaccine Live) Package Insert at 6, paragraph 11, "Description," and "is a vaccine indicated for active immunization for the prevention of varicella in individuals 12 months of age and older." *Id.* at 2, paragraph 1. Zostavax, on the other hand, contains "a minimum of 19,400 PFU (plaque-forming units) of Oka/Merck strain of VZV [varicella zoster virus]." *See* Zostavax (Zoster Vaccine Live) Package Insert at 7, paragraph 11, "Description." Zostavax is "indicated for prevention of herpes zoster (shingles) in individuals 50 years of age and older," *id.* at 2,

---

[3] "Even the Centers for Disease Control and Prevention (CDC) proclaim the marriage of these viruses and their vaccines: 'Chickenpox is a very contagious disease caused by the varicella-zoster virus (VZV).'" *See* Response at 2, Sept. 16, 2013, ECF No. 18; *see also* Response at 1, Centers for Disease Control and Prevention, "Chickenpox Overview," filed Sept. 16, 2013, ECF No. 18-7.

[4] Response at 1, University of Maryland Medical Center, "Varicella-zoster virus," filed Sept. 16, 2013, ECF No. 18-3; Response at 1, News from Columbia Health Sciences, "From Chickenpox to Shingles," filed Sept. 16, 2013, ECF No. 18-5; Response at 1, Tulane National Primate Research Center, "Diseases We Investigate: Varicella Zoster Virus," filed Sept. 16, 2013, ECF No. 18-6.

paragraph 1, and "is not indicated for prevention of primary varicella infection (chickenpox) and should not be used in children and adolescents." *Id.* at 7, paragraph 8.4.

Compensation under the Program is awarded to any individual injured by administration of a designated childhood vaccine, including adults. However, it is awarded only to individuals "who have been injured by vaccines routinely administered to children." H.R. REP. 99-908, 1986 U.S.C.C.A.N. 6344 at *3. The Act "concerns only the actions of those injured by specified **childhood** vaccines and the manufacturers of such vaccines," *id.* (emphasis added); "funding for the program is provided through a tax to be placed on designated **childhood** vaccines." *Id.* (emphasis added).

Contrary to Petitioner's argument, the varicella vaccine and the varicella zoster vaccine are distinguishable. The varicella vaccine is routinely administered to children; the varicella zoster vaccine is not. The varicella vaccine is listed on the Vaccine Injury Table, 42 C.F.R. § 100.3 (a); the varicella zoster vaccine is not. The Secretary also has not published a notice of coverage related to varicella zoster, and Congress has not enacted an excise tax related to varicella zoster. Therefore, varicella zoster is not included under Category XIII of the Vaccine Injury Table. *See also* Centers for Disease Control, Recommended Adult Immunization Schedule, United States, 2010-2013 at 1, *available at* http://www.cdc.gov/vaccines/schedules/downloads/adult/adult-schedule.pdf. (varicella is noted to be covered by the Vaccine Injury Compensation Program, and zoster is not).

The undersigned has no authority to preside over a vaccine injury claim stemming from a vaccine not listed on the Vaccine Injury Table. Thus, the undersigned has no authority to preside over a case stemming from a varicella zoster vaccination, and this claim is outside the scope of the Vaccine Injury Compensation Program.

Whether or not Petitioner's argument that "the overarching purpose" of the Program should include compensating people such as Petitioner is persuasive as a policy argument, it is just that--a policy argument. As such, it must be addressed to the legislature, whose authority it is to expand the Program; the undersigned's jurisdiction is limited to determining matters under the Act as presently enacted. As Petitioner has failed to demonstrate receipt of a Table vaccine covered by the Program, her case must be dismissed.

## III

## CONCLUSION

It is clear from the record that Petitioner has failed to demonstrate that she received a vaccine set forth in the Vaccine Injury Table. **Therefore this case is dismissed for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment accordingly.**

4

**IT IS SO ORDERED.**

/s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master