NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT A. GREEN,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5057

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00762-NBF, Judge Nancy B. Firestone.

---

Decided: December 8, 2014

---

STEVEN H. JESSER, Steven H. Jesser, Attorney at Law, P.C., of Glenview, Illinois, for plaintiff-appellant.

DANIEL B. VOLK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before MOORE, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Mr. Robert Green appeals from an order of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. Because the Court of Federal Claims properly dismissed the complaint, we *affirm*.

## BACKGROUND

Mr. Green was named the sole beneficiary of a financial account established by his aunt, Ann C. Spiegel, and payable to Mr. Green upon Ms. Spiegel's death. However, before Ms. Spiegel died, she executed a durable power of attorney appointing another nephew, Mark Samuels, as her attorney-in-fact. Mr. Samuels submitted a request to change the registration of the financial account, removing Mr. Green as the sole beneficiary. As a result of the changed registration, which became effective just hours before Ms. Spiegel died, Mr. Green had to share the proceeds of the account with two other relatives, Mr. Samuels and his sister. Mr. Green brought suit against Mr. Samuels for tortious interference with an expected inheritance. That suit settled before this case was filed.

Mr. Green filed the present suit in the Court of Federal Claims seeking monetary damages from the government. He argued that the government's approval of the account registration change was negligent and violated Treasury regulations and California state law. The Court of Federal Claims dismissed Mr. Green's complaint for lack of jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims. Mr. Green appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review de novo a decision by the Court of Federal Claims to dismiss for lack of jurisdiction. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998). Ordinarily, undisputed factual allegations contained in the complaint will be treated as true. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). However, in resolving disputes regarding jurisdictional facts, a trial court may look beyond the pleadings and inquire into the jurisdictional facts that are disputed. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991). We review findings of fact by the trial court in that regard for clear error. *See id.*

We find that the Court of Federal Claims properly dismissed Mr. Green's complaint for lack of jurisdiction. In granting the Court of Federal Claims jurisdiction over claims against the government, the Tucker Act supplies a limited waiver of sovereign immunity only for claims within its reach. 28 U.S.C. § 1491(a) (the Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States"). However, the "Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Mr. Green has failed to identify any substantive source of law that creates a right to money damages. He argues only that the Court of Federal Claims had jurisdiction because his claim was founded on a regulation, 31 C.F.R. § 357.21(a)(1). Howev-

er, there is no dispute that 31 C.F.R. § 357.21(a)(1) does not create the right to money damages, i.e., is not money-mandating. As such, the Court of Federal Claims properly determined that it did not have jurisdiction.

Mr. Green contends that the Court of Federal Claims erred by failing to exercise its jurisdiction "based on its exercise of the equitable powers which it possesses." Appellant's Br. 18–20. We disagree. It is true that, in certain limited circumstances, the Court of Federal Claims may grant equitable relief, but only "as an incident of and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2); s*ee, e.g.*, *Portsmouth Redevelopment Hous. Auth. v. Pierce*, 706 F.2d 471, 474 (4th Cir. 1983). The Court of Federal Claims may only grant equitable relief in cases in which it possesses jurisdiction to grant monetary relief—here, it has no such jurisdiction.

While we are sympathetic to Mr. Green, this is simply not the kind of action over which the Court of Federal Claims has jurisdiction. This action sounds in tort, not contract, and Mr. Green has failed to identify any substantive source of law that creates a right to money damages.

CONCLUSION

Because the Court of Federal Claims properly dismissed the complaint for lack of jurisdiction, we *affirm*.

**AFFIRMED**

COSTS

No costs.