# In the United States Court of Federal Claims

No. 20-620T
Filed: January 14, 2021
NOT FOR PUBLICATION

---

**STEVEN ERICH HUBBARD,**

       *Plaintiff,*

v.

**THE UNITED STATES,**

       *Defendant.*

---

*Stuart J. Bassin*, Bassin Law Firm, Washington, D.C., for Plaintiff.

*Patrick Phippen*, Trial Attorney, Tax Division, with whom were *G. Robson Stewart*, Assistant Chief, *David Pincus*, Chief, Court of Federal Claims Section, and *Richard Zuckerman*, Principal Deputy Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for Defendant.

## ORDER

**TAPP, Judge.**

In this tax case, Steven Erich Hubbard ("Hubbard"), filed a Complaint against the United States requesting damages from unpaid credit under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. (Compl., ECF No. 1; Am. Compl. ECF No. 9). The United States moves to dismiss Hubbard's Complaint, averring that he has now received the sought relief, thus there is no live controversy to adjudicate and this Court is stripped of subject matter jurisdiction. (*See* Def.'s Mot., ECF No. 28). Having reviewed the record, the Court **GRANTS** the United States' Motion.

The burden of establishing subject matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). This Court's jurisdiction to entertain claims and grant relief depends on the extent to which the United States has waived sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976). When faced with a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the Court must assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). The movant, however, may challenge the truth of any facts upon which jurisdiction depends. *See Raymark Indus. v. United States*, 15 Cl. Ct. 334, 338 (1988). If it does, the plaintiff must come forward with a prima facie

showing of jurisdiction. *Id.* The plaintiff cannot rely only on its allegations. *See Hornback v. United States*, 52 Fed. Cl. 374, 377 (2002). Moreover, the Court may look to evidence outside of the pleadings to ascertain the propriety of its exercise of jurisdiction over a case. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991), *aff'd in relevant part*, *Martinez v. United States*, 281 F.3d 1376 (Fed. Cir. 2002). If the Court determines at any time that subject matter jurisdiction is lacking, it must dismiss the complaint. *See* RCFC 12(h)(3).

Article III, § 2 of the United States Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies," and as a result, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *see also Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) ("The Court of Federal Claims, though an Article I court . . . applies the same standing requirements enforced by other federal courts created under Article III."). If a live controversy ceases to exist and the case becomes moot, this Court loses jurisdiction and cannot proceed. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot. *Knox v. Service Employees*, 567 U.S. 298, 307–308 (2012). Thus, the dispute between the parties in a case must remain alive until its ultimate disposition.

Here, the United States asserts that Hubbard has already received the $1,200 advance refund of the 2020 recovery rebate under the CARES Act. (Def.'s Mot. at 4). In support of its position, the United States attaches an Account Transcript from the Internal Revenue Service indicating that a $1,200 tax credit had been issued. (Def.'s Mot. App. 4). Accordingly, there is no live controversy, and this Court lacks subject matter jurisdiction to entertain Hubbard's amended complaint. (Def.'s Mot. at 4). Hubbard responds partially opposing the United States' Motion, though it is apparent that its opposition is solely based on the award of filing fees.[1] (*See generally* Pl.'s Resp., ECF No. 29). In fact, Hubbard states that "the Government paid the requested credit in full . . ., acknowledging that Mr. Hubbard was entitled to the relief he sought in this case. That portion of the parties' dispute is now resolved." (*Id.* at 1–3). Because this case is predicated on a requested credit that Hubbard admits has since been issued, the underlying issue is resolved. Therefore, there remains no case or controversy and the action must be dismissed.

Without a case or controversy, this Court lacks jurisdiction to hear Hubbard's claims. Thus, the United States' Motion to Dismiss is **GRANTED** and Hubbard's Complaint is dismissed. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ David A. Tapp
DAVID A. TAPP, Judge

---

[1] By separate order entered on January 12, 2021, the Court denied Hubbard's Motion for Bill of Costs as premature. (ECF No. 32).