NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CONSTANTINE S. ANANIADES,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2023-2278

_____

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01666-BAF, Senior Judge Bohdan A. Futey.

_____

Decided:  February 9, 2024

_____

CONSTANTINE ANANIADES, Arcadia, CA, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

_____

Before TARANTO, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

In 1984, Constantine Ananiades entered into a research contract with the United States Air Force, and in connection with his proposal and project work, he submitted a physical container to an office of the Air Force for storage. Over thirty years later, in December 2019, Mr. Ananiades asked the Air Force, for the first time, to return the container. The Air Force responded that records related to the project had been destroyed in 2004.

In November 2022, Mr. Ananiades filed a complaint in the United States Court of Federal Claims (Claims Court), alleging, among other claims, that the federal government had committed a taking of his personal property (both physical and intellectual) and had breached duties under an implied-in-fact contract. In June 2023, the Claims Court determined that Mr. Ananiades's claims are time-barred and dismissed his complaint. *Ananiades v. United States*, No. 22-1666, 2023 WL 4058399 (Fed. Cl. June 14, 2023). On Mr. Ananiades's appeal, we affirm.

I

In January 1984, Mr. Ananiades submitted a proposal concerning a "Sneak Circuit Design" to the Air Force, seeking funding under its Small Business Innovation Research program. Appx9, 35.[1] In September 1984, Mr. Ananiades and the Air Force executed a contract. Appx9, 36–39. After at least one amendment to the contract, the completion date of his contract was set as September 30, 1985. Appx41–42. Mr. Ananiades does not assert that he completed any project work after that date.

In connection with his proposal and project work, Mr. Ananiades submitted a physical container to an office of

---

[1] "Appx" refers to the appendix that Mr. Ananiades filed in this court with his brief as appellant.

the Air Force in November 1984. Appx10, 45. He alleges that Air Force personnel assured him that the property was retrievable at any time upon request. Appx10. Not until December 10, 2019, however, did Mr. Ananiades ask the Air Force to return the container, which he did by sending a letter to the Secretary of the Air Force making that request. Appx11, 86. Between 2014 and 2022, Mr. Ananiades also filed requests concerning documents related to his project work, including a request for a declassification review, Appx11–12, 31, 52, and a request under the Freedom of Information Act, 5 U.S.C. § 552, Appx12–13, 24–30, 44.

In a February 2022 letter responding to the declassification-review request, the Air Force informed Mr. Ananiades that records related to his project proposal had been sent to a Federal Records Center in 1996 and then destroyed in April 2004. Appx34. Similarly, in a June 2022 letter responding to his Freedom of Information Act request, the Air Force certified that it had no records responsive to his request and explained that records associated with the relevant contract number and program name had been destroyed in 2004. Appx46–49.

On November 8, 2022, Mr. Ananiades filed a complaint against the United States in the Claims Court under the Tucker Act, 28 U.S.C. § 1491(a), seeking compensation based on allegations that the government had taken his personal and intellectual property and breached its duties under an implied-in-fact contract related to the retention of his personal property. Appx6, 8–21. On January 9, 2023, the government filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. Appx55–59. The government argued that the Claims Court lacked subject-matter jurisdiction because Mr. Ananiades's claims were time-barred under the six-year statute of limitations set forth in 28 U.S.C. § 2501. Appx56–58. The Claims Court granted the government's motion to dismiss and entered judgment on June 14, 2023.

*Ananiades*, 2023 WL 4058399, at \*3; Appx5.  Mr. Ananiades timely appealed on August 9, 2023.  *See* 28 U.S.C. §§ 2522, 2107(b).  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

Whether the Claims Court properly dismissed an action for lack of jurisdiction generally presents a question of law, decided de novo on appeal.  *Taha v. United States*, 28 F.4th 233, 237 (Fed. Cir. 2022).  But the Claims Court may inquire into disputed jurisdictional facts to decide the presence of jurisdiction, and if it does so, we review the court's findings of fact for clear error.  *General Mills, Inc. v. United States*, 957 F.3d 1275, 1284 (Fed. Cir. 2020) (citing *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991)).

Under 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."  Compliance with the statute of limitations is a jurisdictional requirement that cannot be waived by the Claims Court or the parties. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–36, 139 (2008).  "Because the statute of limitations is jurisdictional, the plaintiff bears the burden of proof." *Petro-Hunt, L.L.C., v. United States*, 862 F.3d 1370, 1378 (Fed. Cir. 2017).

"In general, a cause of action against the government accrues 'when all the events have occurred which fix the liability of the [g]overnment and entitle the claimant to institute an action.'" *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1381 (Fed. Cir. 2012) (quoting *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006)).  For a takings claim under the Fifth Amendment, a claim accrues "when the government deprives an owner of the use of his or her property." *Petro-Hunt*, 862 F.3d at 1378.  "[I]n the case of a breach of a contract, a cause of action accrues when the breach occurs." *Alder Terrace, Inc. v. United States*, 161

F.3d 1372, 1377 (Fed. Cir. 1998) (internal quotation marks omitted).

For the present suit to have been timely filed in accordance with the six-year limitations rule of § 2501, Mr. Ananiades had to show that his claims did not accrue before November 8, 2016. But as correctly explained by the Claims Court, *Ananiades*, 2023 WL 4058399, at \*3, even if accrual is assessed with maximum leniency towards Mr. Ananiades, for both his takings and contract-based claims the latest event relevant to the fixation of the government's liability was the destruction of records related to the project—which occurred in 2004, *see* Appx34, 48.

Mr. Ananiades argues that the government continues to retain the contents of the physical container and that the responses to his declassification review and Freedom of Information Act requests show only that administrative records related to his project have been destroyed—not that the contents of the physical container have been destroyed. But Mr. Ananiades made the same assertions in his complaint, *see* Appx12–14, and in opposition to the government's motion to dismiss, *see* Appx64, and the Claims Court determined that the records in the submitted container were transferred to a Federal Records Center in 1996 and destroyed in 2004, *Ananiades*, 2023 WL 4058399, at \*1. That factual finding is not clearly erroneous on the record. *See* Appx46 (quoting Mr. Ananiades's Freedom of Information Act request as including information about "[d]ocuments inside the 'Accountable Container'"); Appx48 (explaining that "the records were destroyed" and that "[t]he file was . . . destroyed on 5 April 2004"). Particularly in light of the fact that Mr. Ananiades's Freedom of Information Act request specifically referred to the documents inside the physical container, the no-records certification provided by the Air Force is reasonably found to establish that all records sought—including the files within the physical container—were destroyed in 2004.

To the extent that Mr. Ananiades is arguing that his claims are timely because he was unaware of the existence of his claims until he demanded the return of his personal property and the government failed to comply, this argument is unavailing. Under the accrual-suspension rule, accrual under the § 2501 statute of limitations may be suspended "until the claimant knew or should have known that the claim existed." *Martinez v. United States*, 333 F.3d 1295, 1319 (Fed. Cir. 2003) (en banc); *see also Petro-Hunt*, 862 F.3d at 1378; *Goodrich*, 434 F.3d at 1333. But for this accrual-suspension rule to apply, Mr. Ananiades "must either show that [the government] has concealed its acts with the result that [he] was unaware of their existence or . . . that [his] injury was 'inherently unknowable' at the accrual date." *Martinez*, 333 F.3d at 1319 (quoting *Welcker v. United States*, 752 F.2d 1577, 1580 (Fed. Cir. 1985)).

Mr. Ananiades has made no such showing. Although he asserts that the Air Force has engaged in a "concerted cover-up" of the existence of his property, *see* Appx13–16, there is no evidence that supports the assertion. There also is no evidence that establishes a government failure to comply fully with disclosure obligations. Nor has Mr. Ananiades demonstrated, or even suggested, that he would have been unable to obtain the factual information about the destruction of records in 2004 (the accrual date, for present purposes). He did not even seek return of his property until 2019. *See* Appx78 (Mr. Ananiades acknowledging his December 2019 letter requesting the return of his property was his "first such request"). Thus, Mr. Ananiades cannot rely on the accrual-suspension rule, and any cause of action he may have had with respect to the government's failure to return his personal property accrued no later than April 2004. Because this suit was not commenced until November 2022, the asserted claims fall outside the six-year limitations period of § 2501, thus depriving the Claims Court of jurisdiction.

We have considered Mr. Ananiades's other arguments and find them unpersuasive. Because Mr. Ananiades's claims are time-barred, we affirm the Claims Court's decision dismissing the complaint.

The parties shall bear their own costs.

**AFFIRMED**