NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS HEATON SPITTERS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1078

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00950-EJD, Senior Judge Edward J. Damich.

---

Decided: February 8, 2018

---

THOMAS HEATON SPITTERS, Santa Clara, CA, pro se.

MICHAEL D. SNYDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

---

Before O'MALLEY, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Thomas H. Spitters appeals an order from the U.S. Court of Federal Claims dismissing his complaint for lack of jurisdiction. *See* Order of Dismissal, *Spitters v. United States*, No. 17-950 (Fed. Cl. Sept. 7, 2017), ECF No. 9 ("*Dismissal Order*"). The Court of Federal Claims found it lacked jurisdiction over Spitters's complaint because his claims "all sound in tort," and therefore fell outside the scope of the Tucker Act, 28 U.S.C. § 1491(a)(1). *Dismissal Order*, slip op. at 1. We *affirm*.

## BACKGROUND

On July 5, 2017, Spitters filed a lawsuit against the government in the Court of Federal Claims, charging the government with "invasion of privacy, laying in wait (pursuant to a plan), deliberate misrepresentation and deceit, acts of violence, (suspicion of) attempted capital crime against petitioner by respondent, [and] conspiracy." J.A. 1–2. On July 17, 2017, he filed a memorandum providing additional information regarding his complaint, characterizing his complaint as asserting causes of action for "theft," "larceny," certain penal code violations, and other crimes. **[J.A. 3–7]**

On September 7, 2017, the Court of Federal Claims issued an order of dismissal, holding that Spitters's claims "all sound in tort." *Dismissal Order*, slip op. at 1. The court explained that, "[p]ursuant to the Tucker Act, the Court of Federal Claims does not have jurisdiction over claims sounding in tort." *Id.* (citing 28 U.S.C. § 1491(a)(1); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997)). The court entered final judgment on the same day, stating that "plaintiff's complaint is dismissed for lack of jurisdiction." J.A. 9.

Spitters thereafter filed a letter reasserting his claims and requesting that the court "re-examine the order of dismissal . . . ." J.A. 10. The Court of Federal Claims

construed this letter as a motion for reconsideration, which it denied. J.A. 11. Spitters appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The sole question presented on appeal is whether the Court of Federal Claims correctly concluded that it does not have subject-matter jurisdiction over Spitters's complaint. "In a given case, whether Tucker Act jurisdiction exists is a question of law that we review without deference to the decision of the trial court." *Metz v. United States*, 466 F.3d 991, 995 (Fed. Cir. 2006) (citation omitted). As the petitioner below, Spitters "bears the burden of proving that the Court of Federal Claims possessed jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001) (citing *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991)).

Because "[t]he Court of Federal Claims is a court of limited jurisdiction," it "lacks jurisdiction over tort actions against the United States." *Brown*, 105 F.3d at 623 (citing 28 U.S.C. § 1491(a); *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993)). The Court of Federal Claims likewise lacks jurisdiction to adjudicate claims brought under federal or state criminal statutes. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

The Court of Federal Claims properly dismissed Spitters's complaint for lack of subject-matter jurisdiction. Each of the claims asserted by Spitters in his complaint and July 17, 2017 memorandum sounds in tort, is based upon violations of criminal laws, or is based upon violations of federal antitrust laws. *See, e.g.*, Restatement (Second) of Torts § 525 (1977) (fraudulent misrepresentation); *id.* §§ 876, 889 (conspiracy); *id.* § 103 (assault); *id.* § 652A (invasion of privacy); *see also Marrese v. Am. Acad. Orthopaedic Surgeons*, 470 U.S. 373, 379–80 (1985) (federal antitrust claims are within the exclusive jurisdiction of the federal district courts). The Court of Federal

Claims lacks jurisdiction over any of these claims. It is of no moment that the Court of Federal Claims did not pass judgment on whether it can exercise jurisdiction over Spitters's criminal claims, as "[a]n appellate court may affirm the [trial] court on a ground not selected by the [trial] judge so long as the record fairly supports such an alternative disposition of the issue." *Banner v. United States*, 238 F.3d 1348, 1355 (Fed. Cir. 2001) (internal quotation marks and citations omitted).[1]

## CONCLUSION

We have considered Spitters's remaining arguments and find them unpersuasive. Accordingly, the Order of Dismissal of the U.S. Court of Federal Claims is

## AFFIRMED

## COSTS

Each party shall bear its own costs.

---

[1] We have considered Spitters's Request and Motion to Proceed, filed December 26, 2017, in which he appears to reiterate that each of his alleged causes of action sounds in tort or is criminal in nature. *See* Req. and Mot. to Proceed, No. 18-1078 (Fed. Cir. Dec. 26, 2017), ECF No. 13. Because no relief is requested in this document and because the document confirms that Spitters's claims are of the type over which the Court of Federal Claims cannot exercise jurisdiction, we deny his request as moot. On February 5, 2018, Spitters filed a letter, which contains information that is not part of the record below. *See* Notice, No. 18-1078 (Fed. Cir. Feb. 5, 2018), ECF No. 17. As such, the court construes the letter as a motion to supplement the record on appeal, which it denies pursuant to Rule 10(a) of the Federal Rules of Appellate Procedure.