ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of - | ) | |
| | ) | |
| The Haskell Company | ) | ASBCA Nos. 64380, 64381 |
| | ) | |
| Under Contract No. N40085-17-C-8327 | ) | |

APPEARANCES FOR THE APPELLANT:     Brendan R. Geraghty, Esq.
                                                                    Jay W. Matthews, Esq.
                                                                    Demetrius Pyburn, Esq.
                                                                      Haynsworth Sinkler Boyd, P.A.
                                                                      Greenville, SC

APPEARANCES FOR THE GOVERNMENT:     Allison M. McDade, Esq.
                                                                      Navy Chief Trial Attorney
                                                                    David M. Ruddy, Esq.
                                                                    Devin A. Wolak, Esq.
                                                                      Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE ARNETT ON
THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This matter comes before the Board on two appeals arising from a contracting officer's final decision denying a "pass-through sponsored claim" filed by the subcontractor, ENFRA MCC LLC (ENFRA), in the name of the prime contractor, The Haskell Company (Haskell). The Department of the Navy (the Navy or government) has moved to dismiss the appeals for lack of jurisdiction. The Navy asserts that the "pass-through sponsored claim" is invalid because ENFRA has no privity of contract with the Navy and the claim lacks certification by the prime contractor, as required by the Contract Disputes Act (CDA). ENFRA contends that the claim was properly certified and sponsored by the prime contractor.

For the reasons stated below, we deny the Navy's motion to dismiss for lack of jurisdiction.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

*Background:*

1. On June 29, 2017, the Navy awarded Contract No. N40085-17-C8327 (the Contract) to Haskell (R4, tab 26 at 3323-24).

2. On or about September 8, 2017, Haskell awarded a subcontract to ENFRA f/k/a Bernhard MCC, LLC[1] for the design and construction of mechanical systems for the Contract (R4, tab 77 at 3541).

*Claim Correspondence and the Contracting Officer's Final Decision*:

3. As early as February 2024, email correspondence between counsel for ENFRA and counsel for Haskell indicate that they were discussing ENFRA's intent to submit a pass-through claim and whether Haskell would "support a pass-through claim" (app. resp. ex. 1 at 40-41). For approximately one year, their communication continued monthly, until ENFRA confirmed to Haskell that it had sent a claim letter to the government on February 3, 2025 (*id.* at 18).

4. In a document dated February 3, 2025, ENFRA submitted a "pass-through sponsored claim" to the Navy relating to the Contract between Haskell and the Navy (R4, tab 77 at 3532).

5. The claim included Enclosure 1, labelled "Certification – Haskell", which was signed by Mr. Roger McDonell, Haskell's VP of Construction. It stated:

> This Claim is being filed by our subcontractor and inasmuch as they do not have contract privity with you, we are acting as a conduit on their behalf in this matter. We do not have access to their books and records, and therefore, cannot make any statement with respect to the amount of their Claim. However, we have no reason to believe that their cost figures and delay estimates are incorrect.

(*Id.* at 3538) We find that Haskell's certification deviates from the language prescribed by the CDA, 41 U.S.C. § 7103(b)(1).

6. The claim also included Enclosure 2 which was labelled as a "Certification" and signed by Mr. Richard D. Barnes, ENFRA's VP for Operations. It stated:

> I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the

---

[1] It is undisputed that ENFRA was previously known as Bernhard MCC, LCC (R4, tab 84 at 4193; gov't mot. at 3 n.2). For simplicity, it is referred to throughout this document as ENFRA.

> contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

(*Id.* at 3539)  We find that ENFRA's certification mirrors the language prescribed by the CDA, 41 U.S.C. § 7103(b)(1) but is signed by a subcontractor.

7.  On March 6, 2025, the Contracting Officer (CO) issued a letter to Haskell indicating that the Navy had received ENFRA's February 3, 2025 correspondence purporting to be a claim under the Contract Disputes Act (R4, tab 78 at 3855_1-2). The CO concluded that ENFRA had improperly attempted to assert a claim directly to the government (*id.*).  She stated that the government would only act on a claim asserted by Haskell and declined to issue a final decision (*id.*).

8.  On April 4, 2025, ENFRA's counsel responded, contending that a subcontractor may submit a claim if the claim indicates that it is sponsored by the prime contractor, as Haskell demonstrated through its certification (R4, tab 80 at 3858).

9.  On May 1, 2025, the Navy CO reiterated her position to Haskell that, if the prime contractor wished to sponsor the proposed pass-through claim, it needed to submit the claim directly to the government (R4, tab 81).

10.  On May 27, 2025, Mr. Jeff Miller, VP, General Counsel of Haskell, sent a "draft letter seeking review of [ENFRA's] claim submission" to ENFRA's counsel for his input (app. resp. ex. 1 at 17-18).

11.  On June 4, 2025, Mr. Miller, VP, General Counsel of Haskell, responded to the CO's May 1, 2025 letter and specifically requested that the Navy "review and consider" the claim submitted by ENFRA "as a properly submitted pass through claim sponsored by Haskell" (R4, tab 82).  Further, Haskell stated that it "agrees with [ENFRA's] interpretation of the CDA and relevant case law provided for your review that their claim submission is proper, adequately sponsored by Haskell and deserving of review and consideration" (*id.*).  In closing, the letter stated, "If you do not wish to review and consider [ENFRA's] claim, please deny in total and provide a Final Decision" (*id.*).  We find that, through its June 4, 2025 letter, Haskell sponsored ENFRA's claim.

12.  On July 31, 2025, the Navy CO issued a Final Decision (COFD) addressed to Haskell, which stated:

> I have reviewed reference (1), The Haskell Company's (Haskell) pass-through claim where it alleges that

subcontractor . . . [ENFRA] incurred costs in the total amount of $899,656.29 due to project delays alleged to be attributable to the Government ("the Claim"). In reviewing the Claim and the relevant contract documents, your Claim is denied in its entirety.

(R4, tab 83 at 4190-92) The COFD asserted that Haskell had an obligation to account for subcontractor costs when negotiating modifications with the government, cited bilateral modifications executed by the parties to the contract, and denied the claim, in its entirety, on the basis that it "did not demonstrate entitlement for additional costs" (*id.* at 4191).

13. We find that the CO reviewed and rendered a decision addressed to the prime contractor on the substance of the pass-through claim. The denial was not based upon a lack of privity of contract or a defective certification.

*The Appeals:*

14. On October 15, 2025, counsel for ENFRA emailed Mr. Jeff Miller, Haskell General Counsel, stating ENFRA's intent to appeal the denial of its claim and inquiring whether Haskell would "update the letter . . . confirming sponsorship of the claim" (app. resp. ex. 1 at 16).

15. On October 27, 2025, counsel for ENFRA submitted a notice of appeal to the Board stating ENFRA's intent to appeal the July 31, 2025 COFD. The notice stated, "ENFRA's claims were submitted to the Government as a pass-through sponsored claim under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-09. Haskell provided consent and certification of the claims." (Notice at 1) We find that Mr. Jeff Miller and Mr. Roger McDonnell, who are both identified as Haskell VPs, were copied on the email filing to the Board (app. resp. at 6, ex. 2).

16. On October 30, 2025, the Board docketed two appeals under the name of the prime contractor, The Haskell Company. ASBCA No. 64380 pertains to a claim for "Changed Work", and ASBCA No. 64381 pertains to a claim related to COVID-19.

17. On December 11, 2025, the Navy filed a Motion to Dismiss both appeals, citing a lack of jurisdiction (gov't mot. at 16).

18. On December 12, 2025, ENFRA filed a complaint which stated that it was submitted "through the Haskell Company" and that Haskell "provided consent and certification of the claims" (compl. ¶ 1). The complaint also alleged that Haskell

4

"separately submitted a letter to the Government further confirming sponsorship of the claims" (*id.*).

19. On January 9, 2026, ENFRA filed its Response to Respondent's Motion to Dismiss. On the same date, Mr. Jeffrey Miller, VP, General Counsel of Haskell, filed a letter with the Board confirming that Haskell "is aware that ENFRA . . . has filed the subject Appeals in the name of Haskell . . . and agrees to sponsor such Appeals and the underlying claims." (App. resp. ex. 3 at 45)

20. On February 9, 2026, the Navy filed its Reply in Support of its Motion to Dismiss (gov't reply at 14).

DECISION

*The Parties' Contentions*

The Navy requests dismissal of these appeals for lack of jurisdiction on two grounds: 1) ENFRA has failed to establish privity of contract with the Navy (gov't mot. at 5-10) and 2) the claim is invalid because it lacks the required CDA certification (*id.* at 10-15). As to the privity of contract argument, the Navy asserts that ENFRA has not satisfied the sponsorship exception to the requirement for privity of contract (*id.* at 8-10). Specifically, the Navy contends that ENFRA has not established that Haskell is proceeding on ENFRA's behalf or has authorized ENFRA to proceed in Haskell's name in this forum (*id.*). As to the certification issue, the Navy posits that Haskell's certification lacks the required elements of a CDA certification and is tantamount to a lack of certification which is not a curable defect (*id*. at 10-15).

In response, ENFRA asserts that privity is not required for a properly sponsored pass-through claim and that Haskell sponsored ENFRA's claim (app. resp. at 3-9). ENFRA submitted email correspondence with Haskell leading up to submission of the claim to demonstrate Haskell's "continued cooperation" (*id.* at 3-5). ENFRA contends that Haskell was aware that ENFRA intended to appeal the claim denial, noting that Haskell was copied on the email when the notice of appeal was filed (*id*. at 6, ex. 2). ENFRA argues that Haskell's sponsorship need not be reaffirmed and that the identity of the party who filed the notice of appeal does not "negate jurisdiction where the appeal arises from a properly sponsored claim" (*id*. at 7-8). As to the certification issue, ENFRA contends that Haskell's certification substantially complied with the CDA and was intentionally drafted to mirror certification language upheld in prior precedent (*id.* at 9-11). Finally, ENFRA argues that, at the very least, the claim certification was defective and amenable to correction (*id.* at 11-12).

In its Reply, the Navy argues that prime contractor sponsorship must be evident <u>both</u> at the presentation of the claim to the government and at the notice of appeal

5

(gov't reply at 4-6). The Navy asserts that there is no evidence of Haskell's sponsorship at the time the Notice of Appeal was filed which it alleges is the critical juncture when the Board's jurisdiction must be determined (*id.* at 6-7). The Navy contends that a lack of sponsorship at the Notice of Appeal violates 41 U.S.C. § 7104(a) because ENFRA is not a "contractor" authorized to appeal under the statute (*id.* at 7). Although ENFRA has produced contemporaneous claim-related email correspondence with Haskell, the Navy contends that it is "irrelevant to the sponsorship analysis" because the government was not copied on the communication (*id.* at 4). Finally, the Navy argues that Haskell's January 9, 2026 letter is belated sponsorship since it was submitted after the 90-day appeal period had elapsed and that ENFRA cannot retroactively establish jurisdiction (*id.* at 7-8).

## *Standard of Review*

Once jurisdiction has been challenged, appellant bears the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). We accept uncontroverted factual allegations as true for purposes of deciding motions to dismiss for lack of jurisdiction, and "other facts underlying the jurisdiction allegations are subject to fact-finding" based upon our review of the record. *L-3 Commc'ns Integrated Sys., L.P.*, ASBCA Nos. 60713, 60716, 17-1 BCA ¶ 36,865 at 179,625. We may "look beyond the pleadings and 'inquire into jurisdictional facts' that are disputed in order to determine whether or not we have jurisdiction." *Env't Safety Consultants, Inc., ASBCA No. 54615*, 07-1 BCA ¶ 33,483 at 165,979 (quoting *Recovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991)).

## *The Privity of Contract Issue*

This Board's jurisdiction over an appeal of a CDA claim arises from 41 U.S.C. § 7105(e)(1)(A), which confers "jurisdiction to decide any appeal from a decision of a contracting officer . . . relative to a contract made by that department or agency." A CO's decision which serves as the basis for an appeal must be issued in response to a claim filed by a "contractor" relating to a contract with the federal government. 41 U.S.C. § 7103(a)(1)-(2). Within 90 days of the receipt of a CO's decision, a "contractor" may appeal the decision to an agency board. 41 U.S.C. § 7104(a). The term "contractor" is defined as "a party to a Federal Government contract other than the Federal Government." 41 U.S.C. § 7101(7). Thus, a "contractor" may file a claim under the CDA and may appeal a CO's decision to the Board.

### *ENFRA is not a "contractor" for purposes of the CDA.*

In this case, Haskell is a "contractor"; ENFRA is not. ENFRA has no privity of contract with the government. ENFRA acknowledges that it is a subcontractor and

6

does not dispute that it lacks privity of contract with the Navy (app. resp. at 2). Rather, ENFRA[2] argues that sponsorship by the prime contractor is a recognized exception to the privity requirement (*id.*).

We have recognized two limited exceptions to the privity requirement for subcontractors:  (1) cases where a prime contractor acts as an agent for the government, and (2) cases where a prime contractor sponsors the subcontractor's appeal.  *Frontline Support Solutions, LLC*, ASBCA No. 64022, 25-1 BCA ¶ 38,803 at 188,731; *United States v. Johnson Controls*, 713 F.2d 1541, 1551 (Fed. Cir. 1983); *Holmes & Narver Servs., Inc.*, ASBCA No. 51155, 00-2 BCA ¶ 30,972 at 152,850-51. ENFRA has not alleged that Haskell acted as an agent for the government.  Instead, ENFRA asserts that Haskell sponsored its claim (app. resp. at 2).  Thus, we focus our analysis on the second exception.

*What is required for prime sponsorship of a subcontractor claim?*

In a series of cases, we have delineated what is required for a prime contractor's sponsorship of a subcontractor's claim and appeal.  We have consistently considered the circumstances of the claim to determine if the appeal was made with the authorization and sponsorship of the prime contractor.  *J.E. McAmis, Inc.*, ASBCA No. 54455, 04-2 BCA ¶ 32,746 at 161,953; *Batteast Constr. Co.*, ASBCA Nos. 33357, 30452, 89-3 BCA ¶ 21,933 at 110,340-41; *Foster Co. of Greenville, Inc.*, ASBCA Nos. 29132, 28955, 84-2 BCA ¶ 17,481 at 87,090.

In *Algernon Blair Indus. Contractors*, ASBCA No. 25277, 83-2 BCA ¶ 16,737 at 78,618, we concluded that a subcontractor was authorized to appeal in the name of the prime contractor based upon the prime contractor's "consistent cooperation" throughout the process of pursuing the claim.  We also considered a timely notice of appeal filed by the subcontractor in the name of the prime contractor where the prime contractor subsequently filed an untimely notice upon learning that the government did not regard the subcontractor's notice as "proper."  We found no reason to question that the subcontractor "acted with the requisite authority when he signed the appeal . . . in the name of the appellant" and determined that the prime contractor's late notice was further evidence of the "pattern of cooperation."

In *Foster Co. of Greenville, Inc.*, 84-2 BCA ¶ 17,481 at 87,090, we addressed a subcontractor's claim which was submitted by the prime contractor, denied by the

---

[2] Notwithstanding their actual interests, ENFRA is not the named party in this case. Haskell is.  As a consequence of sponsorship and consistent with our precedent, ENFRA must litigate in the name of the prime contractor.  Thus, in future filings, the appellant shall refer to itself as Haskell and will be addressed by the Board as such.

government, and timely appealed by the subcontractor in its own name. Subsequently, the prime contractor filed an untimely amended notice of appeal to ratify the notice filed by its subcontractor. We addressed the question of "whether the Notice of Appeal filed by the subcontractor should be deemed to have been filed by the Prime Contractor." Having found that "the requisite sponsorship and authorization existed" when the subcontractor filed its notice of appeal, we held that the subcontractor's notice of appeal, as ratified by the prime contractor, was timely and effective and substituted the name of the prime contractor as appellant.

In *Batteast*, ASBCA Nos. 33357, 30452, 89-3 BCA ¶ 21,933 at 110,339, the notice of appeal stated that the subcontractor, by and through the prime contractor, was appealing the COFD. It was submitted by the subcontractor to the CO, the prime contractor, and the Board. *Id.* We found "abundant evidence" that the prime contractor sponsored the claim" and "no evidence" that it "did not intend to continue its sponsorship of the claim" following issuance of the COFD. *Id.* at 110,341. We specifically considered correspondence between counsel for the prime and the subcontractor as evidence of the prime's continued sponsorship. We concluded that the subcontractor could appeal in the name and under the sponsorship of the prime contractor. *Id.*

"Sponsorship and authority can be inferred when the prime contractor subsequently ratifies the filing of that appeal and 'consistently cooperates' in the presentation of the claim even if the prime contractor did not specifically authorize the subcontractor to file the appeal prior to the expiration of the appeal period." *Holmes & Narver*, 00-2 BCA ¶ 30,972 at 152,851; *J.E. McAmis, Inc.*, 04-2 BCA ¶ 32,746 at 161,953. However, where there is no evidence of prime sponsorship until months after the subcontractor filed a notice of appeal, a belated sponsorship agreement without actual ratification by the prime contractor is ineffectual to establish jurisdiction. *Door Pro Sys., Inc.*, ASBCA No. 34114, 87-3 BCA ¶ 19,997 at 101,287.

*Haskell sponsored ENFRA's claim.*

Here, the Navy challenges Haskell's sponsorship of both ENFRA's claim and the subsequent appeal. As to the claim, the Navy cites "only two occasions" where Haskell "provided input to the claim process": 1) Haskell's certification and 2) its June 4, 2025 letter to the CO (gov't mot. at 9). The Navy argues there is "no evidence of consistent cooperation" (*id.* at 10). We disagree.

We have found Haskell's June 4, 2025 letter to the CO requesting that she "review and consider" ENFRA's claim as a "properly submitted pass through claim sponsored by Haskell" expressly demonstrated Haskell's sponsorship of the claim (SOF ¶¶ 10-11). Further, the email correspondence between ENFRA and Haskell's counsel demonstrates "consistent cooperation" for more than a year, culminating with

8

submission of the claim (SOF ¶¶ 3-4). We also note that the CO directed claim correspondence and the COFD to Haskell which reflects a contemporaneous understanding that the claim was sponsored by Haskell (SOF ¶¶ 7, 9, 12). There is ample evidence of Haskell's sponsorship of the claim.

*There is no evidence that Haskell's sponsorship was discontinued at the Notice of Appeal.*

The Navy contends that "nothing in the notice of appeal indicated or suggested that Haskell co-signed, sponsored, or was otherwise involved in this appeal in any way" (gov't reply at 6-7). We disagree.

The Notice of Appeal stated that the claim had been submitted as a "pass-through sponsored claim" and affirmatively represented that Haskell "provided consent and certification" (SOF ¶ 15). We previously found that two Haskell VPs, Mr. Miller and Mr. McDonnell, were copied on the filing of the notice of appeal (*id.*). Correspondence between counsel for ENFRA and Haskell also demonstrates Haskell's continued sponsorship (SOF ¶¶ 3, 10).

The facts in this case are very similar to those presented in *Batteast*, 89-3 BCA 21,933. In both instances, the subcontractor directly filed a notice of appeal and provided a copy to the prime contractor at the time of filing (SOF ¶ 15). Like *Batteast*, we conclude here that there is abundant evidence that the prime sponsored ENFRA's claim and no evidence that it did not intend to continue its sponsorship following issuance of the COFD.

*Haskell's January 9, 2026 letter is not belated sponsorship.*

The Navy also argues that Haskell's January 9, 2026 letter is belated sponsorship comparable to the facts addressed by the Board in *Door Pro Sys., Inc.*, 87-1 BCA ¶ 19,997 at 101,287. However, we conclude that this case differs significantly from the limited facts presented in *Door Pro.*

In *Door Pro*, we held that a letter filed almost five months later was insufficient to establish sponsorship of the claim at the time notice of appeal was filed. There was no evidence of prime sponsorship prior to submission of the letter. *Id.*

Here, Haskell was aware of ENFRA's claim a year prior to its filing, provided a certification to accompany the February 3, 2025 claim, specifically requested that the Navy consider ENFRA's claim as a "properly submitted pass through claim sponsored by Haskell", and was copied on the notice of appeal (SOF ¶¶ 3-4, 11, 15). There is abundant evidence of Haskell's sponsorship of the claim and appeal, unlike the facts in *Door Pro*.

9

The CDA requires certification of claims which exceed $100,000. 41 U.S.C. §§ 7101-09, 7103(b). The certification must be "executed by an individual authorized to bind the contractor with respect to the claim" and must certify that (a) the claim is made in good faith; (b) the supporting data are accurate and complete to the best of the contractor's knowledge and belief; (c) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and (d) the certifier is authorized to certify the claim on behalf of the contractor. *Id.* at 7103(b)(1). A defect in the certification does not deprive a court or an agency board of jurisdiction over the claim if it is corrected prior to the Board's final decision. *Id.* at 7103(b)(3). A defective certification is "a certificate which alters or otherwise deviates from the [statutory certification] language in [FAR] 33.207(c) or which is not executed by a person authorized to bind the contractor with respect to the claim. Failure to certify shall not be deemed to be a defective certification." Federal Acquisition Regulation (FAR) 33.201. "[T]here needs to be something purporting to be a certification in order to reach the threshold of being a defective certification." *Kamaludin Slyman CSC*, ASBCA No. 62006, 21-1 BCA ¶ 37,849 at 183,794 (holding that the contractor's "implicit certification" derived from "cobbled-together portions of the claim" did not constitute a defective, remediable certification).

### *The Claim included certifications from both the prime and subcontractor.*

The Navy alleges that Haskell's certification is so lacking that it is tantamount to no certification (gov't mot. at 13). The complete omission of a certification is not a curable defect. *Abdul Ahad Khadim Constr. Co.*, ASBCA No. 59206, 14-1 BCA ¶ 35,694 at 174,765; *CDM Int'l, Inc.*, ASBCA No. 52123, 99-2 BCA ¶ 30,467 at 150,514. The Navy argues that we should follow our holding from *Kamaludin Slyman CSC*, ASBCA No. 62006, 21-1 BCA ¶ 37,849 at 183,793, and conclude that the claim was "not merely defectively certified, but wasn't certified at all." We find the Navy's arguments unavailing because the cases cited by the Navy involve claims which completely lack certification.

Here, ENFRA's claim included two certifications which were distinctly labeled and signed: one from Haskell and one from ENFRA (SOF ¶¶ 5, 6). Thus, our prior decisions in *Abdul Ahad Khadim*, *CDM Int'l*, and *Kamaludin Slyman* do not guide our decision here.

### *The Court of Appeals for the Federal Circuit has set a standard for a prime contractor's certification of a sponsored subcontractor claim.*

Appellant contends that Haskell's certification was "intentionally drafted to mirror the certification approved by the Federal Circuit in *Transamerica Insurance*

*Corp. v. United States* and that it reflects precisely the good-faith belief standard articulated in *United States v. Turner Construction Co*." (App. resp. at 2)  We have found that Haskell's certification deviated from the language prescribed by the CDA (SOF ¶ 5).  We must determine whether the deviation renders the certification defective, but subject to correction.  The Court of Appeals for the Federal Circuit has addressed a prime contractor's certification of a subcontractor's pass-through claim in several cases and provides binding precedent for resolution of this issue.

In *United States v. Turner Construction Co*., 827 F.2d 1554, 1559 (Fed. Cir. 1987), the government challenged a prime contractor's certification of a pass-through sponsored claim, arguing that it was invalid because it was qualified by, and in conflict with, an adverse recommendation previously submitted to the government.  *Id*.  The Court rejected the government's argument that the certification "must reflect the prime contractor's own belief" that the claim reflects the amount owed by the government and "that to allow the prime to substitute the subcontractor's belief for its own in making a certification would make a sham of the certification requirement . . . and would render meaningless the prohibition against direct appeals by subcontractors." *Id.* at 1561.  The Court held that "the certification requirement requires not that the prime contractor believe the subcontractor's claim to be certain, but that the prime contractor believe that there is good ground for the claim."  *Id.*  Having found that the prime contractor's certification included the required statutory elements, the Court held that it was sufficient to confer jurisdiction.  *Id*. at 1561-62.

In *Transamerica Ins. Corp. v. United States,* 973 F.2d 1572, 1579-81 (Fed. Cir. 1992)[3], the Court considered a certification signed by a prime contractor which was accompanied by a subcontractor certification.  The Claims Court had found the certification defective because it was "unduly qualified" by language in the prime's cover letter which stated:

> This claim is being filed by our subcontractor and
> inasmuch as they do not have contract privity with you, we
> are acting as a conduit on their behalf in this matter.  We
> do not have access to their books and records and,
> therefore, cannot make any statement with respect to the
> amount of their claim.  However, we have no reason to
> believe that their cost figures and delay estimates are
> incorrect.

---

[3] The Federal Circuit's decision in *Transamerica Ins. Corp* was overruled on other grounds by its decision in *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1583 (Fed. Cir. 1995).

*Id.* at 1580. On appeal, the Federal Circuit held that the prime's certification was "valid and not so qualified as to make it ineffective" and concluded that the certification "clearly complied with the chief policy underlying the CDA certification requirement, that being the purpose of submitting the contractor to liability for fraud." *Id.* at 1581.

In *Dai Global, LLC v. Administrator of USAID*, 945 F.3d 1196, 1199 (Fed. Cir. 2019), the Federal Circuit addressed an appeal arising from the dismissal of multiple subcontractor pass-through claims sponsored by the prime contractor where the prime contractor provided a cover letter "certification" as well as certifications signed by its subcontractor. The prime's cover letter expressed its belief that there was a "sound basis" for the claims and stated the following:

> Given that [EI] is the real party in interest and is the only one who can logically and realistically certify these claims, DAI hereby submits this certification in satisfaction of the requirements of the Contract Disputes Act. As DAI is not the real party in interest, DAI must accept and rely on the [EI] certification at face value. In addition, DAI has no knowledge, which suggests that [EI] has knowingly or intentionally failed to comply with the requirements of the Contract[ ] Disputes Act or has acted in bad faith.

*Id.* The Court found that the prime contractor's cover letter conveyed "a clear intent to certify the underlying claims" and that the subcontractor's certifications were "further evidence" of that intent. The Court held, "[t]aken together, [the cover letter and subcontractor's certification] are sufficient to constitute a defective certification within the meaning of 7103(b)(3)." *Id.*

> *Taken together, the certifications produced by Haskell and ENFRA constitute a defective, but remediable, certification.*

While appellant may have intended to follow the guidance from *Turner* and *Transamerica*, there is a critical factual distinction that we cannot overlook—both of those cases involved CDA-compliant certifications executed by the prime contractor which were challenged as "qualified" because of contemporaneous communications. In *Turner*, the qualifying language was found in a separate report in which the prime recommended rejection of the claim. 827 F.2d at 1557. In *Transamerica*, the qualifying language was in a cover letter accompanying the claim. 973 F.2d at 1580. Here, we do not have a CDA-compliant prime certification that is qualified. We have a prime contractor's certification which deviates from the required statutory language (SOF ¶ 5). Thus, the decisions in *Turner* and *Transamerica* do not squarely address the facts before us.

However, the Court's decision in *Dai Global* is on point and serves as binding precedent for our decision here. Like the prime contractor's cover letter certification in *Dai Global*, Haskell's certification conveys a clear intent to certify ENFRA's claims, stating that it has "no reason to believe that" the claimed costs and delay were incorrect (SOF ¶ 5). Like the subcontractor certification in *Dai Global*, ENFRA provided a certification that mirrors the requirements of the CDA, thereby demonstrating its intent to certify its claim (SOF ¶ 6). We conclude that, taken together, these documents are sufficient to constitute a defective certification pursuant to 41 U.S.C. § 7103(b)(3).[4]

Accordingly, this defect in the certification does not deprive the Board of jurisdiction so long as it is corrected prior to the Board's final decision. *Id.*

CONCLUSION

The Navy's motion to dismiss is denied.

Dated: May 5, 2026

LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

DAVID D'ALESSANDRIS
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

---

[4] We do not decide whether Haskell's certification alone constitutes a "defective certification."

13

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 64380, 64381, Appeals of The Haskell Company, rendered in conformance with the Board's Charter.

Dated: May 5, 2026

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals